FRANCISCO MARCHÁN SICARDÓ y JOSÉ MARTÍNEZ LLONÍN, demandantes y apelados, *v.* BERNARDO FERNÁNDEZ PORRERO, demandado y apelante.

No. 6243.—*Sometido:* Mayo 18, 1935. *Resuelto:* Junio 26, 1935.

*Wilson P. Colberg,* abogado del apelante; *Dubón & Ochoteco,* abogados del apelado Martínez Llonín.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Bernardo Fernández Porrero, que por su muerte ha sido substituído por su viuda y sus herederos, obtuvo por cesión un crédito por sentencia contra José Martínez Llonín y cuando para ejecutar la sentencia estaba anunciada la venta de bienes del demandado, fué suspendida la subasta por orden de la Corte de Distrito de San Juan. Esa orden de suspensión es la que ha dado motivo al presente recurso de apelación.

El apelante no ha presentado su alegato en este recurso, pero en otra apelación que estaba pendiente en este tribunal entre las mismas partes con el núm. 6408, convinieron los litigantes, con la aprobación de esta corte, en que el alegato que se presentase en el segundo recurso serviría para resolver el primero. En efecto uno de los motivos de error que alegó el apelante en el otro recurso es por haber sido suspendida la subasta. El apelado no presentó alegato en el recurso segundo, que tiene el núm. 6408, porque solicitó y obtuvo que esa apelación fuera desestimada. En cuanto al

presente recurso núm. 6243 su vista tuvo lugar el 7 de marzo de este año con una estipulación de las partes de que el apelado pudiera presentar su alegato dentro de veinte días, pero no lo ha radicado a pesar de las varias prórrogas que le fueron concedidas, la última de las cuales venció el día 15 del presente mes.

En el otro caso núm. 6408, que tenía el núm. 4585 en la corte inferior, la apelación se interpuso porque la corte de distrito a instancia del demandado Martínez Llonín nombró un síndico que se posesionara de ciertos bienes y los conservara hasta que fuese resuelta determinada apelación. Como consecuencia de tal nombramiento de síndico y a petición de Martínez Llonín, deudor por sentencia, la corte ordenó la suspensión de la subasta en la que se iba a vender parte de esos bienes para satisfacer la sentencia.

■■ No es cuestión a resolver ahora si era procedente o no el nombramiento de un síndico porque ésa era la cuestión en la otra apelación que fué desestimada. La única que se propone para este recurso es que la corte inferior erró al ordenar la suspensión de la subasta en la que se anunciaba la venta de bienes para satisfacer una sentencia firme.

Para conseguir esa suspensión alegó Martínez Llonín el referido nombramiento de síndico, que el márshal embargó parte de los bienes comprendidos en la sindicatura y que la venta de ellos entorpecería la posesión y conservación de los mismos por el síndico e interferiría con la jurisdicción de la corte en cuanto a dichos bienes. El mismo día de esa moción la Corte de Distrito por las razones expresadas en la moción, sin oír a la parte contraria, decretó la suspensión de la subasta a que nos hemos referido hasta que otra cosa se dispusiera.

Embargados bienes para asegurar la efectividad de una sentencia que luego se dicta y queda firme, no puede suspenderse la venta de los bienes para cumplir la sentencia por el hecho de que se nombre un síndico para que administre esos

bienes. Según el peso de las autoridades, el nombramiento de un síndico para el demandado en una acción pendiente no priva al demandante de un gravamen ya obtenido ni le impide que proceda a ejecutarlo. 23 R.C.L., pág. 49, párrafo 51 (Nota 16). En verdad no existió motivo legal para decretar la suspensión de la subasta para cumplir la sentencia dictada antes del nombramiento del síndico.

*La resolución apelada debe ser revocada.*